1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Lydia Trinidad,                              No. CV-20-00442-TUC-RM

10              Plaintiff,                          **ORDER**

11   v.

12   Commissioner    of    Social    Security
     Administration,
13
                  Defendant.
14

15          Plaintiff Lydia Trinidad brings this cause of action seeking review of the final

16   decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C.

17   §§ 405(g) and 1383(c)(3).  (Doc. 1.)  On January 26, 2022, Magistrate Judge Bruce G.

18   Macdonald filed a Report and Recommendation ("R&R"), recommending that this Court

19   affirm the Commissioner's final decision.  (Doc. 25.)  Plaintiff filed a timely Objection.

20   (Doc. 26.)  The Commissioner did not respond to Plaintiff's Objection.

21   **I.     Background**

22          This cause of action involves Plaintiff's second application for Supplemental

23   Security Income under Title XVI of the Social Security Act.  Plaintiff's first application

24   was denied on February 2, 2015, and the district court affirmed the Commissioner's

25   decision.  S*ee Trinidad v. Comm'r of Soc. Sec.*, No. 4:16-cv-00653-BGM (D. Ariz. Sept.

26   27, 2018).

27          On July 14, 2017, Plaintiff filed a second application alleging disability since

28   February 2015, due to back pain, fatigue, depression, anxiety, joint tenderness, lupus,

1   hypothyroidism, headaches, sympathetic dystrophy, post-traumatic stress disorder

2   ("PTSD"), and temporomandibular joint ("TMJ") dysfunction. (AR 204.) The

3   application was denied at the initial level and on reconsideration. (AR 71, 88.) Plaintiff

4   then testified at a hearing before Administrative Law Judge ("ALJ") Peter Baum. (AR

5   29-47.) Following the hearing, the ALJ issued a decision finding Plaintiff non-disabled

6   at step two of the five-step sequential evaluation process used to evaluate Social Security

7   disability claims. (AR 13-22.)[1] The ALJ found that Plaintiff has medically determinable

8   impairments of obesity, hypothyroidism, systemic lupus erythematosus ("SLE"),

9   fibromyalgia, TMJ dysfunction, depression, and anxiety, but that the impairments are

10  non-severe. (AR 16-22.)[2] In relevant part, the ALJ found Plaintiff's SLE to be

11  durationally non-severe after summarizing the State agency consultants' findings as well

12  as medical records documenting normal range of motion, strength, and sensation; a lack

13  of severe edema, swelling, or tenderness; flares that were quickly managed with steroids

14  and fluids; and a consistent failure on Plaintiff's part to seek follow-up medical care.

15  (AR 18-21.) The ALJ also found Plaintiff's mental impairments to be non-severe based

16  on the lack of any evidence of specialist behavioral health treatment or psychiatric

17  hospitalization, the State agency medical consultants' findings, and medical records

18  documenting appropriate mood and affect and Plaintiff's repeated denials of anxiety and

19  depression. (AR 19-21.) The ALJ found that Plaintiff's statements concerning the

20  intensity, persistence, and limiting effect of her symptoms were not fully supported by

21  the evidence, including pain scores inconsistent with disabling symptoms. (AR 17-22.)

22  The Appeals Council denied review (AR 1-6), making the ALJ's decision the final

23  decision of the Commissioner.

24

25  [1] At step two, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has
26  lasted or is expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. An impairment or combination of impairments is severe if it
27  significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.922(a).
    [2] The ALJ found no definitive diagnoses of SLE or fibromyalgia, but nevertheless found
28  that Plaintiff has medically determinable impairments of SLE and fibromyalgia. (AR 16, 18.)

1       Plaintiff then filed her Complaint in this action. (Doc. 1.)  In her Opening Brief,

2   Plaintiff argues that the ALJ erred in finding there was no evidence "to support a

3   definitive diagnosis of SLE" and that the ALJ cherry-picked evidence to find that

4   Plaintiff's SLE and mental health problems are non-severe. (Doc. 22 at 6-11.)  Plaintiff

5   further argues that the ALJ failed to provide clear and convincing reasons to discount

6   Plaintiff's symptom testimony.  (*Id.* at 11-13.)   Specifically, Plaintiff argues that (1)

7   neither her treatment noncompliance nor her repeated denials of psychiatric symptoms

8   constitute clear and convincing reasons to discount her symptom testimony because both

9   result from her poor insight and judgment; and (2) her reporting of pain scores

10  inconsistent with disabling symptoms is not a clear and convincing reason to discount her

11  symptom testimony because she sometimes reported intense pain scores, and SLE is a

12  condition that waxes and wanes. (*Id.* at 12-13.)

13      The Commissioner filed an Answering Brief, arguing that the ALJ properly

14  assessed the severity of Plaintiff's impairments and properly evaluated Plaintiff's

15  symptom testimony.  (Doc. 23.)   Specifically, the Commissioner argues (1) that the

16  ALJ's statement that no findings supported a definitive diagnosis of SLE was harmless

17  error because the ALJ found SLE to be a medically determinable impairment; (2) that

18  substantial evidence supports the ALJ's finding that Plaintiff's SLE is durationally non-

19  severe and does not result in significant functional limitations that would prevent Plaintiff

20  from performing basic work activities; (3) the ALJ properly found that Plaintiff's

21  treatment non-compliance undermines her claims of debilitation; (4) substantial

22  evidence—including the State agency medical consultants' findings, Plaintiff's medical

23  records, and the lack of any evidence of psychiatric hospitalizations or specialized mental

24  health treatment—supports the ALJ's finding that Plaintiff's mental health problems are

25  non-severe; and (5) the ALJ properly discounted Plaintiff's subjective complaints as

26  inconsistent with the objective medical evidence and undermined by Plaintiff's treatment

27  non-compliance and the absence of mental health treatment.  (*Id.* at 5-13.)

28      Plaintiff filed a Reply Brief, arguing (1) that the ALJ erred in finding her SLE

1   durationally non-severe because her symptoms regularly return even though they

2   temporarily resolve with treatment; (2) Plaintiff provided an explanation for her failure to

3   follow up with medical treatment, but the ALJ ignored her explanation; (3) the State

4   Agency physicians rendered their opinions regarding Plaintiff's mental health problems

5   before the most telling evidence of those problems had entered the record; and (4)

6   Plaintiff's treatment non-compliance results from her poor judgment.  (Doc. 24.)

7       In his R&R, Magistrate Judge Macdonald finds that the ALJ properly discounted

8   Plaintiff's symptom testimony because the testimony was inconsistent with the objective

9   medical evidence, inconsistent with Plaintiff's repeated reports of moderate activity level,

10  undermined by Plaintiff's treatment non-compliance, and undermined by the divide

11  between Plaintiff's complaints of pain and the level of pain assessed during treatment.

12  (Doc. 25 at 20-21.)  Magistrate Judge Macdonald further finds that substantial evidence

13  supports the ALJ's finding that Plaintiff's SLE is durationally non-severe and that

14  Plaintiff's mental health problems are non-severe.  (*Id.* at 21-24.)  In so finding,

15  Magistrate Judge Macdonald rejects Plaintiff's suggestion that her treatment non-

16  compliance results from poor insight and judgment, finding that suggestion to be

17  "speculative" and "unsupported by [Plaintiff's] own testimony."  (*Id.* at 24.)

18  **II.     Standard of Review**

19      A district judge "may accept, reject, or modify, in whole or in part, the findings or

20  recommendations" made by a magistrate judge.  28 U.S.C. § 636(b)(1).  The district

21  judge must "make a de novo determination of those portions" of the magistrate judge's

22  "report or specified proposed findings or recommendations to which objection is made."

23  *Id.*  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure

24  state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there

25  is no clear error on the face of the record in order to accept the recommendation" of a

26  magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See*

27  *also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or

28  only partial objection is made, the district court judge reviews those unobjected portions

for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court must affirm the Commissioner's decision if the decision "is supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It "is more than a mere scintilla but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court "must consider the record as a whole and weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal quotation marks omitted).

Error in a social security determination is subject to harmless-error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks omitted), *superseded by regulation on other grounds*.

## III.    Discussion

In her Objection, Plaintiff argues that it was unfair for Magistrate Judge Macdonald to focus on her testimony that she had "no excuse" for failing to follow up on

- 5 -

1    medical treatment, and she argues that he should instead have focused on her testimony

2    that she forgets to go to appointments because her symptoms drain her energy. (Doc. 26

3    at 1-2.)  Plaintiff also objects to Magistrate Judge Macdonald's finding that the evidence

4    does not support Plaintiff's suggestion that her treatment noncompliance results from

5    poor insight and judgment. (*Id.* at 3.)  Plaintiff argues that a person with poor insight and

6    judgment "can hardly be expected to testify to that effect." (*Id.*)  Finally, Plaintiff argues

7    that both the ALJ and Magistrate Judge Macdonald focused on evidence that supported a

8    finding of non-disability "to the detriment" of evidence that detracted from that finding.

9    (*Id.* at 2-3.)

10          Plaintiff does not specifically object to the R&R's summary of the administrative

11   record.  The Court finds the R&R's summary of the administrative record to be both

12   thorough and accurate, and accordingly will adopt that portion of the R&R in full. (*See*

13   Doc. 25 at 2-16.)

14          The Court will also adopt the R&R's conclusion that the ALJ properly discounted

15   Plaintiff's symptom testimony.  For the reasons discussed below and in the R&R, the

16   evidence does not support Plaintiff's statements concerning the intensity, persistence, and

17   limiting effects of her symptoms.  Furthermore, Plaintiff's treatment non-compliance

18   undermined her symptom testimony.  "If a claimant complains about disabling pain but

19   fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may

20   use such a failure as a basis for finding the complaint unjustified or exaggerated."

21   *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (internal quotation and alteration

22   marks omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) ("A

23   claimant's subjective symptom testimony may be undermined by an unexplained, or

24   inadequately explained, failure to follow a prescribed course of treatment." (internal

25   quotation and alteration marks omitted)).

26          Plaintiff testified that she forgets to follow up on referrals made by her primary

27   care physician because her pain drains her, but she also testified that she has "no excuse."

28

(AR 38-40.)[3]  As the ALJ noted, there is no evidence of any specialist behavioral health treatment to address Plaintiff's allegations of difficulty with memory, completing tasks, concentration, and following instructions.  (AR 20.)   No medical evidence connects Plaintiff's treatment non-compliance to her mental or physical impairments "rather than her own personal preference." (Doc. 25 at 21 (quoting *Molina*, 674 F.3d at 1114).)  The ALJ did not err in finding that Plaintiff's testimony failed to sufficiently explain her treatment non-compliance (AR 19), nor did Magistrate Judge Macdonald err in crediting Plaintiff's concession that she has "no excuse" for the treatment non-compliance (Doc. 25 at 21).

The Court also agrees with Magistrate Judge Macdonald that Plaintiff merely speculates, without supporting evidence, that her treatment non-compliance and failure to seek mental health treatment results from her poor judgment and insight.  Not only is Plaintiff's suggestion unsupported by her own testimony, but it is also unsupported by the medical evidence.  Though the records of Maryslenni Gil, M.D. note that Plaintiff has poor insight and judgment (*see, e.g.*, AR 662, 905, 961, 974, 984), it is not clear how Dr. Gil arrived at that conclusion, and nothing in Plaintiff's medical records connects Plaintiff's treatment non-compliance to poor insight and judgment.

Finally, the Court will also adopt the R&R's conclusion that substantial evidence supports the ALJ's findings that Plaintiff's SLE and mental health conditions are non-severe.  Plaintiff accuses both the ALJ and Magistrate Judge Macdonald of cherry-picking evidence from the record to support a finding of non-disability.  (Doc. 26 at 2-3.) However, the Court finds that the record, viewed as a whole, supports the findings of the ALJ and Magistrate Judge Macdonald, and that it is Plaintiff, instead, who is engaged in cherry-picking evidence.

With respect to Plaintiff's mental health problems, there is no evidence of any psychiatric hospitalizations or specialized mental health treatment.  Plaintiff suggests that

---

[3] Plaintiff further testified that she remembers to take her medication because she sets reminders on her phone, but she did not explain why she cannot use the same tactic to remember to schedule and attend medical appointments.  (AR 41.)

her failure to seek mental health treatment results from her poor insight, but for the above reasons, the Court agrees with Magistrate Judge Macdonald that this suggestion is merely speculative.   Plaintiff's medical records contain occasional references to symptoms indicative of mental health impairments, but there is a lack of evidence supporting a finding that those impairments are severe or that they meet the 12-month duration requirement.[4]   Plaintiff had the opportunity to attend scheduled consultative psychological examinations to demonstrate the severity of her mental health conditions, but she twice failed to do so.  (AR 84.)  Substantial evidence supports the ALJ's finding that Plaintiff's mental health problems are non-severe.

Substantial evidence also supports the ALJ's finding that Plaintiff's SLE is durationally non-severe.   Plaintiff's medical records reflect several emergency department visits in 2017-2018, but they also reflect largely unremarkable physical examinations and normal diagnostic testing results.  (*See, e.g.*, AR 512, 517-18, 524-25, 567, 672, 690-92, 730-32, 735-36, 848-54, 858-59, 876.)  Plaintiff's medical records also reflect a divide between Plaintiff's subjective complaints and the findings of physical examinations.   (*See, e.g.*, AR 906 (physical examination did not support Plaintiff's complaints of joint swelling), AR 988-89 (disconnect between reported and assessed pain levels.)  During medical appointments, Plaintiff consistently reported a moderate activity level with daily exercise, including walking.  (AR 536, 654, 660, 893, 903, 946, 970, 981.)  The symptoms that Plaintiff complained of during her emergency department visits resolved quickly with treatment (*see, e.g.*, AR 513-14, 520, 578, 732, 748), but Plaintiff

---

[4] For example, on August 2, 2017, Plaintiff reported that she was experiencing fatigue, difficulty concentrating, and feelings of negative self-worth, but she also reported that none of those problems made it difficult to work, take care of things at home, or get along with people.   (AR 659.)   On October 29, 2017, Plaintiff went to Copper Queen Community Hospital Emergency Department complaining in part of anxiety, but the anxiety was alleviated with Ativan.  (AR 730-34.)  On several occasions in 2018-2019, Dr. Gil noted that Plaintiff had poor insight, poor judgment, and symptoms of anxiety and depression, but Dr. Gil's notes are insufficient to show that Plaintiff's mental health conditions significantly limited her ability to perform basic work activities or that they lasted or could be expected to last for a continuous period of at least 12 months.  (*See, e.g.*, AR 905, 955, 961, 967, 974, 984.)  Furthermore, other medical records reflect the absence of depression or anxiety and the presence of normal mood and affect.  (*See, e.g.*, AR 513, 518, 525, 672, 736, 859.)

continuously failed to obtain recommended follow-up care.  (*See, e.g.*, AR 517, 538, 662, 906, 949-50, 974-75, 984-86.)   Substantial evidence supports the ALJ's findings that Plaintiff failed to meet her burden of proof at step two of the sequential evaluation process.

**IT IS ORDERED** that Plaintiff's Objection (Doc. 26) is **overruled**.

**IT IS FURTHER ORDERED** that Magistrate Judge Macdonald's Report and Recommendation (Doc. 25) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**.   The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 18th day of March, 2022.

Honorable Rosemary Márquez
United States District Judge